UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

RAYMOND I. AIGBEKAEN,

                    Plaintiff,

    - against -

CHRISTEN NIELSON, Secretary of the U.S.
Department of Homeland Security,
in her official capacity; KELLY BAIRD,
Special Agent, Homeland Security
Investigations, in her official
capacity; and THOMAS HOMAN, Acting
Director of CBP, in his official capacity,

                    Defendants.
----------------------------------------X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ APR 25, 2019 ★
BROOKLYN OFFICE

**MEMORANDUM AND ORDER**
18-CV-6529 (KAM)

**MATSUMOTO, United States District Judge:**

        On November 13, 2018, *pro se* plaintiff Raymond I. Aigbekaen, incarcerated at FCI Beaumont in Beaumont, Texas pursuant to a conviction in the United States Court District of Maryland,1 filed this civil rights action pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U. S.

---

1 According to PACER, Public Access to Court Electronic Records, the repository of federal appellate, district and bankruptcy case and docket information of which the Court takes judicial notice, on August 25, 2015, Plaintiff was indicted in the District of Maryland. *See* Indictment, *United States v. Aigbekaen*, 15-CR-462 (D. Md. Aug. 25, 2015). After a nine-day jury trial in September 2016, Plaintiff was convicted on all six counts of the indictment and sentenced to 180 months of imprisonment. *See* Jury Verdict, *United States v. Aigbekaen*, 15-CR-462 (D. Md. Sept. 29, 2016); *see also* Judgment, *United States v. Aigbekaen*, 15-CR-462, (D. Md. Feb. 9. 2017).

1

388, 397 (1971) seeking damages and declaratory relief for the confiscation, by the defendants, of his electronic devices at an unspecified place on May 19, 2015. For the reasons below, the Court dismisses the instant complaint for improper venue, and directs plaintiff to submit an amended complaint within thirty days of the date this Order is entered on the docket.

A civil action may be brought in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, or where a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). The instant case has no discernible connection to this district. The complaint appears to allege claims arising from a search conducted by federal Homeland Security officials pursuant to the investigation and prosecution of plaintiff in Maryland for various sex trafficking and prostitution offenses. (ECF No. 1, Compl. at 2, 5.)

On May 19, 2015, plaintiff returned from traveling outside the United States of America. As he deplaned "at the U.S. border" (the complaint does not provide an airport or a state), federal officers seized plaintiff's electronic devices "at a U.S. port of entry without probable cause," at the direction of defendant Homeland Security Special Agent Kelly

2

Baird and retained them "for weeks beyond the time he entered the country." (Compl. at 2.)

Plaintiff does not provide an address for any of the defendants, each of whom is a federal official that allegedly participated in the seizure of Plaintiff's electronic devices on May 19, 2015, except for the Secretary of Homeland Security, who "has authority over all DHS policies and practices" including those challenged in plaintiff's complaint. (Compl. at 3.) Agent Wendy Fu, named in the body of the Complaint, was allegedly directly involved in the May 19, 2015 seizure of plaintiff's property, and no address is provided for Agent Wu. Nowhere in the complaint does plaintiff state that any part of the challenged acts took place in the Eastern District of New York. Although he checked a box on the civil cover sheet where he indicated that the events or omissions giving rise to his claims occurred in the E.D.N.Y., that is plainly insufficient. (ECF 1-1, Civil Cover Sheet, at 2.) Accordingly, the Court concludes that plaintiff has not established that venue is proper in the Eastern District of New York.

"[T]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if be in the interest of justice, transfer such case

3

to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). As plaintiff failed to state a claim with facts conferring federal question or diversity jurisdiction, the complaint is dismissed. *Adames v. Taju*, 80 F. Supp. 3d at 467-468 (E.D.N.Y. 2015). However, in light of plaintiff's *pro se* status, rather than dismissing the complaint, the court grants plaintiff leave to file an amended complaint. *Id.* at 468.

**CONCLUSION**

Accordingly, the complaint is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). However, in light of this Court's duty to liberally construe *pro se* complaints, plaintiff is granted 30 days leave from the entry date of this order to file an amended complaint to allege facts sufficient to support venue in the E.D.N.Y. *See Cruz v. Gomez*, 202 F.3d 593, 597-598 (2d Cir. 2000). Plaintiff is directed that the amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure. Should plaintiff elect to file an amended complaint, the amended complaint must state the basis for federal jurisdiction and must set forth the factual allegations to support any claims against any named defendants. Plaintiff must also provide the dates and

locations for each relevant event.

Plaintiff is advised that an amended complaint does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the original. Therefore, plaintiff must include in the amended complaint all the necessary information that was contained in the original complaint. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order.

If plaintiff fails to comply with this order within the time allowed, judgment dismissing this action shall enter. No summons shall issue at this time. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 269 U.S. 438, 444-45 (1962). The clerk is respectfully requested to mail a copy of this order to plaintiff at the address on the docket and note service on the docket.

**SO ORDERED.**

Dated:  April 18, 2019
        Brooklyn, New York

                                        /s/
                                **KIYO A. MATSUMOTO**
                                United States District Judge
                                Eastern District of New York