UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

RAYMOND I. AIGBEKAEN,

              Plaintiff,          **MEMORANDUM & ORDER**
                                     18-CV-6529(EK)(RLM)

        -against-

WENDY FU, LEONARDO CABRERA, and JOHN
KLISOURIOTIS,

              Defendants.

------------------------------------x

ERIC KOMITEE, United States District Judge:

       This is one of several actions (in multiple districts)
brought by *pro se* plaintiff Raymond Idemudia Aigbekaen
challenging aspects of his 2016 conviction in the District of
Maryland for sex-trafficking involving minors.  In this action,
Plaintiff brings claims under the First and Fourth Amendments of
the U.S. Constitution against three Customs and Border
Protection ("CBP") officers who, as part of the investigation
leading to his arrest, searched and seized his laptop and other
electronic devices at John F. Kennedy International Airport
("JFK") on May 19, 2015.[1]  He seeks an order requiring Defendants

---

[1] Plaintiff initially sued several other officials at the Department of
Homeland Security ("DHS").  The presiding judge at the time, Judge Kiyo
Matsumoto, dismissed these defendants for failure to state a claim.
Memorandum & Order at 8-9, ECF No. 11.  Following an order under *Valentin v.
Dinkins*, 121 F.3d 72 (2d Cir. 1997), the government identified the "Does" in
the complaint as three CBP employees:  Wendy M. Fu, Leonardo A. Cabrera, and
John Klisouriotis.  Defs' Letter at 1, ECF No. 18; Order at 1-2, ECF No. 20.
They are the only defendants remaining in this action.

to return these devices, expunge all records of them — i.e., any data drawn from the devices — and to prevent the use of any evidence derived from those devices against him in future criminal proceedings.  He also seeks damages under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and declaratory relief.

The Court construes Plaintiff's claims for the return of his property as being brought under Rule 41(g) of the Federal Rules of Criminal Procedure.  I conclude that the Eastern District of New York is the wrong venue for the claim to return the physical devices; however, I dismiss this part of his complaint without prejudice, rather than transfer, because the claim is without merit.  As for Plaintiff's request to destroy data and enjoin the use of evidence in future proceedings, I dismiss his claim on the merits.

## I.   Background

The following facts are derived from Plaintiff's complaint, public dockets, and undisputed statements in Defendants' submissions.  On May 19, 2015, CBP officers seized Plaintiff's laptop and other electronic devices in a warrantless search when Plaintiff arrived at JFK from abroad.  Homeland Security Investigations — an office within DHS — then conducted a warrantless forensic search of these devices.  Though Plaintiff was not arrested at JFK, the evidence recovered there

helped lead to Plaintiff's sex-trafficking conviction in the District of Maryland in September 2016.  He was sentenced to a prison term of fifteen years in that case, *United States v. Aigbekaen*, No. 1:15-CR-00462-JKB, ECF No 228, and he remains incarcerated.

Since then, Plaintiff has brought numerous challenges to his conviction.  On appeal of his criminal conviction, the United States Court of Appeals for the Fourth Circuit held that the warrantless forensic search of his devices was unlawful, but that the evidence remained admissible under the "good faith" exception to the warrant requirement.  *United States v. Aigbekaen*, 943 F.3d 713 (4th Cir. 2019).  Two additional appeals appear to remain pending in the Fourth Circuit.  *See United States v. Aigbekaen*, No. 19-7065 (4th Cir.) (appealing district court's denial of his motion for a new trial); *United States v. Aigbekaen*, No. 20-6925 (4th Cir.) (appealing district court's denial of his motions for new counsel and immediate release).

Now in this District, Plaintiff brings civil claims arising from the search and seizure at JFK.  According to Plaintiff, the Government still retains "bitstream copies" of the devices seized there.  Letter at 1, ECF No. 44.  The government does not contest that it retains digital copies of evidence recovered from Plaintiff's devices seized at JFK.  It is also undisputed, however, that the devices have themselves

now been returned to Plaintiff.  The government apparently

retains possession of other devices seized from Plaintiff; but

those were seized in Houston, where officials arrested Plaintiff

three months after the seizure at JFK occurred.  Defendants

state that the government is retaining these devices as

potential evidence in Plaintiff's ongoing appeals of his

conviction.

## II.  Analysis

### A.   Plaintiff's Request for the Return of Property

At oral argument on Defendants' motion to dismiss, the

Court informed the parties that it would construe part of

Plaintiff's complaint as a motion under Rule 41(g).  This is

because Plaintiff's complaint "requests relief in the form of

the return of his property," which "can be read as a motion to

return property pursuant to Rule 41(g) of the Federal Rules of

Criminal Procedure." *Bertin v. United States*, 478 F.3d 489, 492

(2d Cir. 2007)*.*  "As the motion was filed after the conclusion

of [Plaintiff's] criminal proceeding, it is treated as a civil

equitable action." *Rogers v. United States*, No. 10-CV-1247,

2010 WL 4968184, at *2 (S.D.N.Y. Nov. 30, 2010).

Rule 41(g) provides that "[a] person aggrieved . . .

by the deprivation of property may move for the property's

return." Fed. R. Crim. P. 41(g).  In resolving a Rule 41(g)

motion, "[t]he district court must take evidence and make

4

findings of fact where necessary." *United States v. Podlog*, 108 F.3d 1370, 1370 (2d Cir. 1997) (unpublished).

Here, Plaintiff seeks the return of his physical devices, the destruction of data collected from them, and an order enjoining the use of this evidence in future criminal proceedings.

### 1. Devices Seized in Texas

As to the devices themselves, Plaintiff's motion should have been brought in Texas. A Rule 41(g) motion "must be filed in the district where the property was seized." Fed. R. Crim. P. 41(g). Plaintiff challenges the seizure of his devices at JFK, but he does not dispute that the only devices still in the government's possession — a laptop and two phones — were seized in Houston, where Plaintiff was arrested three months later. *See* Defs' Rule 41(g) Brief at 2, ECF No. 41; *Aigbekaen v. United States*, No. 1:17-CV-3700-JKB, Defs' Mot. for Summary Judgment, ECF No. 9-1 at 2 (D. Md. Apr. 6, 2016); *see also* Amended Complaint at 6, ECF No. 4 (acknowledging that "[t]he confiscation [from JFK] lasted for about a month"). Because this claim should have been filed in the Southern District of Texas, it must be dismissed. *Cf. United States v. Collado*, No. 14-CR-00731, 2020 WL 248685, at *3 (S.D.N.Y. Jan. 16, 2020); *Rogers*, 2010 WL 4968184, at *1.

2.    Data Seized in New York

        Turning to the data seized at JFK, I find that the
government's retention of this evidence is lawful.[2]  "If the
United States has a need for the property in an investigation or
prosecution, its retention of the property generally is
reasonable."  *See* Fed. R. Crim. P. 41, advisory committee notes.
Here, the government represents that it "maintains possession
of" Plaintiff's property "as evidence in Plaintiff's pending
appeals."  Defs' Rule 41(g) Brief at 2.  Some courts in this
Circuit have suggested that Rule 41(g) motions must be granted
when a search was unlawful.  *See, e.g.*, *Ferreira v. United
States*, 354 F. Supp. 2d 406, 409 (S.D.N.Y. 2005) (to prevail on
a Rule 41(g) motion, "a criminal defendant must demonstrate that
(1) he is entitled to lawful possession of the seized property;
(2) the property is not contraband; and (3) either the seizure
was illegal or the government's need for the property has
ended.").  But the Fourth Circuit has already concluded that
this evidence is admissible in Plaintiff's ongoing criminal
proceedings.  *See Aigbekaen*, 943 F.3d at 725.  Because Rule
41(g) "is not intended to deny the United States the use of

---

    [2] Venue lays in this District because the forensic search occurred
following the seizure at JFK.  *Cf. United States v. Huart*, 735 F.3d 972, 974
n.2 (7th Cir. 2013) (holding that a warrant for the seizure of
electronically-stored information is executed when the device is seized)
(citing Fed. R. Crim. P. 41(e)(2)(B)).

evidence permitted by the fourth amendment and federal statues, even if the evidence might have been unlawfully seized," Fed. R. Crim. P. 41, advisory committee notes, I decline to order the destruction of this evidence or enjoin its use in the Fourth Circuit proceedings, *cf. United States v. Chambers*, 192 F.3d 374, 377 (3d Cir. 1999) (courts should deny a Rule 41(g) motion where "the government's need for the property as evidence continues") (internal quotations and citations omitted); *United States v. Saunders*, 957 F.2d 1488, 1495 (8th Cir. 1992) (denying Rule 41(g) motion "because defendant's direct appeal was still pending"); *Kee v. United States*, No. 01-CV-1657, 2001 WL 897175, at *1 (S.D.N.Y. Aug. 9, 2001) (same).

### 3.  Transfer of this action is not warranted

Although courts may, "in the interest of justice," transfer a case to "any district . . . in which it could have been brought," 28 U.S.C. § 1406(a), it would be inappropriate to do so here because Plaintiff's claims lack merit, *cf. Rogers*, 2010 WL 4968184, at *1 n.2 (declining to transfer Rule 41(g) motion where motion would fail).  The government reports that it has a continuing need for the devices seized in Houston.  Defs' Rule 41(g) Brief at 2.  And courts in the District of Maryland have denied Plaintiff's request several times before.  *See Aigbekaen v. United States*, No. 1:20-CV-1920-JKB, ECF No. 2 (D. Md. July 30, 2020) (denying Plaintiff's third motion for the

return of property because he "continues to challenge the basis

of his criminal conviction") (citing *Aigbekaen v. United States*,

No. 1:17-3700-JKB, ECF No. 12 (D. Md. May 1, 2018); *Aigbekaen v.

United States*, No. 1:19-3017-JKB, ECF No. 2 (D. Md. Oct. 22,

2019)).  Plaintiff's claims are therefore denied, rather than

transferred.

**B.   Plaintiff's Claims for Monetary Relief**

Plaintiff also seeks monetary relief under *Bivens v.

Six Unknown Named Agents*, 403 U.S. 388 (1971) for violations of

the Fourth Amendment.  Defendants claim protection under the

doctrine of qualified immunity (among other things).  For the

reasons set forth below, this Court agrees that qualified

immunity compels dismissal of Plaintiff's claims.[3]

Qualified immunity shields government officials from

suit so long as their actions do "not violate clearly

established statutory or constitutional rights of which a

reasonable person would have known."  *White v. Pauly*, 137 S. Ct.

548, 551 (2017) (per curiam) (quoting *Mullenix v. Luna*, 577 U.S.

7, 11 (2015) (per curiam)).  Courts must consider whether "it

---

[3] At the outset, the Court notes that only three of the original
Defendants remain in this case.  Those Defendants are the three CBP agents
who stopped and searched Plaintiff at JFK.  The complaint does not allege
that these individuals performed a forensic search of Plaintiff's devices, or
that they have (or even can) access the data from those devices.  In light of
Plaintiff's *pro se* status, however, the Court will liberally construe his
complaint to allege that these Defendants performed the forensic search in
question.

was objectively reasonable for the [government official] to believe the conduct at issue was lawful." *Gonzalez v. City of Schenectady*, 728 F. 3d 149, 154 (2d Cir. 2013) (internal quotations omitted).  This standard protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

This standard is met here.  Courts have long recognized an exception to the warrant requirement for searches at the nation's borders.  *See United States v. Montoya de Hernandez*, 473 U.S. 531, 537 (1985) ("Since the founding of our Republic, Congress has granted the Executive plenary authority to conduct routine searches and seizures at the border, without probable cause or a warrant. . . ."). At the time of the search, "[n]o court had . . . require[d] a warrant for *any* border search, no matter how nonroutine or invasive." *Aigbekaen*, 943 F.3d at 721 (internal quotations omitted); *see also United States v. Molina-Isidoro*, 884 F.3d 287, 294 (5th Cir. 2018) (Costa, J., concurring) ("[N]o reported federal decision has required a warrant for any border search."). On appeal from Aigbekaen's conviction, the Fourth Circuit held that the search was unlawful.  But it based this conclusion on a principle it had expressed, in dicta, just one year before — namely, the proposition that the border exception does not apply to "nonroutine" searches of all the data on a subject's

electronic device unless the motivations for the search "bear[]
some nexus" to the purposes for the border exception.
*Aigbekaen*, 943 F.3d at 721; *see also United States v. Kolsuz*,
890 F.3d 133, 143 (4th Cir. 2018) (suggesting that the border
exception would not apply to nonroutine forensic searches "in
which the government invokes the border exception on behalf of
its generalized interest in law enforcement and combatting
general crime") (citing *United States v. Vergara*, 884 F.3d 1309,
1317 (11th Cir. 2018) (Pryor, J., dissenting)).  This principle
was, essentially, a new exception to the border exception to the
warrant requirement.  Neither of these cases was decided before
this search occurred; indeed, there was district court authority
to the contrary in the Fourth Circuit before those decisions.
*See United States v. Saboonchi*, 990 F. Supp. 2d 536, 570 (D. Md.
2014) (stating that CBP agents may conduct forensic searches of
electronic devices at the border if they have a "reasonable
suspicion" that the device "contains . . . evidence of criminal
activity").  Given this "rapidly changing" legal landscape,
*Molina-Isidoro*, 884 F.3d at 294 (Costa, J., concurring), it
cannot be said that the CBP officers were "plainly incompetent"
in believing the search to be lawful.[4]

------

[4] Plaintiff's other Section 1983 claims — for violations of the First
Amendment and the Fourth Amendment's prohibition on unreasonable seizures —
are also without merit.  A reasonable officer could have believed the

C.    **Plaintiff's Claims for Declaratory Relief**

Plaintiff also seeks declaratory relief.  These claims are dismissed.  Plaintiff lacks standing to seek a declaration regarding the constitutionality of federal airport policies, because his "future injury" — which will arise only when he travels abroad again someday "in the future" — is too speculative.  *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564 (1992).  And his request for a declaration that the search and seizure of his devices was unconstitutional would serve no "useful purpose" or "afford relief" from "uncertainty," given that the Fourth Circuit already addressed the issue.  *See Starter Corp. v. Converse, Inc.*, 84 F.3d 592, 597 (2d Cir. 1996).  Accordingly, the Court denies Plaintiff's requests for declaratory relief.[5]

---

seizures to be a lawful means to effectuate the purposes of the searches. *Cf. Saboonchi*, 990 F. Supp. 2d at 565 (stating that a "particularly lengthy seizure raises concerns where 'the detention [is not] reasonably related in scope to the circumstances which justified it initially'") (quoting *Montoya de Hernandez*, 473 U.S. at 542)).  And Plaintiff's claim that the search and seizure had a "chill[ing]" effect on his free-speech rights is duplicative of his Fourth Amendment claims and, in any event, without merit.  Compl. at 4, 7.

[5] Plaintiff's request for a "writ of habeas corpus" on behalf of "Ms. Maxwell" also is denied.  *See* Letter at 1, ECF No. 36.

## III. Conclusion

Defendants' motion to dismiss the complaint is granted.  The Clerk of Court is respectfully directed to enter judgment and close this case.


SO ORDERED.

/s/ Eric Komitee_____
ERIC KOMITEE
United States District Judge


Dated:    March 29, 2021
          Brooklyn, New York